**Donroy B. WALKER, Petitioner–Appellant,**

v.

**Mark NOOTH, Respondent–Appellee.**

**No. 12–35478.**

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2013.*

Filed July 16, 2013.

Kristina Hellman, Assistant Federal Public Defender, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Paul L. Smith, Assistant Attorney General, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

An Oregon jury convicted Walker of first-degree sexual abuse and first-degree unlawful sexual penetration. After exhausting his state remedies, Walker filed a federal habeas corpus petition, which the district court denied. We have jurisdiction over Walker's appeal pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

The Oregon courts' decision that Walker was not "in custody" for *Miranda* purposes was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter,* —— U.S. ——, 131 S.Ct. 770, 786–87, 178 L.Ed.2d 624 (2011). Rather, that decision fell well "within the matrix" of clearly established Supreme Court authority. *Yarborough v. Alvarado,* 541 U.S. 652, 665, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). The detectives drove an unmarked police car and approached Walker with a congenial tone; Walker consented to the interview; the detectives did not transport Walker to, or ask him to appear at, the police station; the interview took place in a large parking lot in Walker's neighborhood in the middle of the day; the detectives told Walker that he was not under arrest and was free to leave at any time; and the detectives let Walker leave at the end of the interview. *See generally Howes v. Fields,* —— U.S. ——, 132 S.Ct. 1181, 1189, 182 L.Ed.2d 17 (2012) (compiling the Supreme Court's "in custody" cases).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.